Filed 12/3/24  P. v. Gardner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098822 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20F5316, 21F714, 21F2734, 22F695, 22F696) |
| v. | |
| DYLAN VERNON GARDNER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dylan Vernon Gardner asked this court to review the record and determine whether there are any arguable issues on appeal.  *People v. Wende* (1979) 25 Cal.3d 436.  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

This appeal arises out of five separate cases.

<u>Case No 20F5316 (case No. 316)</u>

Case No. 316 started out in Sacramento County Superior Court where a jury convicted defendant of possession of and transportation of a controlled substance.

1

(Health & Saf. Code, §§ 11738, 11739.)  (Statutory section citations that follow are found in the Health and Safety Code unless otherwise stated.)

Defendant was in a car when officers conducted a traffic stop.  Officers noticed a bulge in defendant's pants.  On further search of the defendant and the car, they discovered 3.27 pounds of methamphetamine and a scale.

The Sacramento Superior Court sentenced defendant to four years with two years in custody in county jail followed by two years of mandatory supervision.  The Sacramento Superior Court later granted defendant's motion to transfer supervision of his supervised release to Shasta County Superior Court where it became case No. 316.

In December 2020, the Shasta County Probation department filed a petition for revocation of defendant's supervised release based on allegations he failed to report to the probation department in October, and he was found in possession of 405 grams of methamphetamine and a scale on November 20, 2020.  Those charges were separately filed in case No. 714 discussed *post*.

In May of 2021, the Shasta County Probation Department filed a second petition for revocation of defendant's supervised release because he was found with 172.7 grams of heroin, along with empty plastic baggies, multiple scales, and $3,749 in US currency in May of 2021.  The revocation petition also alleged he had 346.6 grams of methamphetamine and that he tried to destroy the methamphetamine and heroin when discovered.

In November of 2021, the Shasta County Probation Department filed its third petition for revocation of defendant's supervised release because he was found to be driving under the influence of methamphetamine in September 2021.

In May of 2022, the Shasta County Probation Department filed a fourth petition for the revocation of defendant's supervised release because he stole property and hit the victim with his car on May 12, 2022.  These allegations form the basis for case No. 696, *post*.  The petition also alleged defendant operated a car under the influence of

methamphetamine, and possessed 17 grams of methamphetamine, a digital scale and empty baggies, and a methamphetamine pipe on May 17, 2022. These allegations were the substance of the original information filed in case No. 22F695.

Case No. 22F695 (case No. 695)

The People moved to consolidate six different narcotics cases into case No. 695 because they were of the same class of crimes and relied on overlapping evidence. As so consolidated, the information in this case charged 10 violations of the Health and Safety Code and two Penal Code violations: five counts of possession for sale of a controlled substance (§§ 11378); two counts of transportation of a controlled substance (§ 11739, subd. (a)); two counts of possession for sale of a controlled substance (§ 11351); possession of paraphernalia (§ 11364); delaying or obstructing arrest (Pen. Code, § 148, subd. (a)(1); and destroying or concealing evidence (Pen. Code, § 135). It further alleged enhancements for committing these crimes while on bail or own recognizance. (Pen. Code, § 12022.1, subd. (b).)

The underlying facts of this consolidated case involved five different contacts with defendant and searches in his home where he possessed 17.5 grams of methamphetamine, 28.5 grams of methamphetamine, 172.7 grams of heroin, 364.6 grams of methamphetamine and 1,043 pills, 13 ounces (364 grams) of methamphetamine, and 1,188.1 grams of methamphetamine. He also had various scales, baggies, and a glass pipe.

Case No. 22F696 (case No. 696)

The information in this case charged defendant with robbery and assault with a deadly weapon on May 12, 2022. (Pen. Code, §§ 211, 245, subd. (a).)

In this case, defendant shoplifted at a hardware store. When confronted by two employees, he jumped into his car, pulled forward and knocked one of the employees over.

3

Case No. 21F734 (case No. 734)

The information in this case charged defendant with theft of a vehicle with a prior conviction for vehicle theft on December 22, 2020. (Veh. Code, § 10851/Pen. Code, 665.5.)

A woman reported her car stolen. Police located the car on defendant's property. Defendant claimed he had traded for the car, but the victim never received a car from the defendant.

Case No. 21F714 (case No. 714)

The information in this case charged defendant with transportation of a controlled substance and possession of paraphernalia on November 20, 2022. (§§ 11379, subd. (a), 11364.)

In this case, officers searched defendant's room and found 405 grams of methamphetamine, a digital scale, three smoking devices and plastic baggies. As the defendant drove up, officers searched defendant and the car he was in and found a large bundle of cash, and a backpack containing a scale and two baggies with methamphetamine.

Plea

Defendant entered an open plea to charges in each of the cases. In case No. 695, he pleaded no contest to 10 of the charges and admitted the truth of four enhancements for committing the violations on bail. In case No. 696, he pleaded no contest to the robbery and admitted the truth of the enhancement he committed the violation on bail. (Pen. Code, § 211.) As to case No. 316, his plea in case No. 696 amounted to an admission he violated his supervised release in this case. The other pending petitions for violation of his supervised release were dismissed. In case No. 734, he pleaded no contest to vehicle theft. (Veh. Code, § 10851.) In case No. 714, he pleaded no contest to transportation of methamphetamine and possession of drug paraphernalia and count two

4

was dismissed.  (§§ 11739, 11364.)  The maximum exposure defendant faced under his pleas was 24 years.  Any remaining misdemeanors were dismissed.

The trial court sentenced defendant to 17 years in state prison.  It chose case No. 696 as the principal term and sentenced defendant to the low term of two years in state prison and added two years for the on-bail enhancement.  On case No. 316, the trial court sentenced defendant to one-third the middle term of one year and stayed the sentence for one count of possession of a controlled substance under Penal Code section 654.  In case No. 734, the trial court sentenced defendant to one-third of the middle term of one year to run consecutively.  In case No. 714, the trial court sentenced defendant to one third of the middle term of one year to run consecutively.  In case No. 695, the trial court sentenced defendant to one third the middle term of one year for four of the counts to run consecutively and one third of the middle term of eight months for three of the counts to run consecutively, and four years for two of the on-bail enhancements (while staying the sentence for two other on-bail enhancements pursuant to Penal Code section 654) and provided sentences for the remaining misdemeanors counts to run concurrently.

The Court imposed four $300 restitutions fines under Penal Code section 1202.4, and four Penal Code section 1202.45 restitutions fines for case Nos. 696, 734, 714, and 695.  The court also imposed the previously stayed restitution fine in case No. 316 under Penal Code section 1202.4 and imposed and suspended the $300 fine under Penal Code 1202.45.  The trial court reserved jurisdiction as to restitution.

Defendant filed a timely notice of appeal and did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by

counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

FEINBERG, J.